IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| DEPOSITORS INSURANCE COMPANY, as subrogee of Frank Feichter, <br><br> Plaintiff, <br><br> v. <br><br> GREE USA, INC., <br><br> Defendant. | Case No: 18-344 <br><br> **JURY DEMAND** |

## COMPLAINT

NOW COMES Plaintiff, Depositors Insurance Company as subrogee of Frank Feichter, by and through its attorneys, Cozen O'Connor, and for its Complaint against Defendant Gree USA, states as follows:

## PARTIES

1. Plaintiff Depositors Insurance Company ("Depositors") has been at all times relevant hereto an insurance corporation is and was duly organized and existing under the laws of the State of Iowa, with its principal place of business at 1100 Locust Street, Des Moines, Iowa 50391. At all times relevant, Plaintiff Depositors was authorized to conduct the business of insurance within the State of Indiana.

2. At all times relevant, Plaintiff's insured, Frank Feichter ("Feichter") was a resident and citizen of the State of Iowa with a residence at 12226 Harvest Bay Drive, Fort Wayne, Indiana 46845 (the "Premises").

3. Defendant Gree USA, Inc. ("Gree") is, upon information and belief, a California corporation with a principal place of business at 20035 East Walnut Drive North, City of Industry, California, 91789. At all times relevant hereto, Gree was engaged in the business of designing, manufacturing, distributing, selling, and/or supplying home appliances, including dehumidifiers in and throughout the United States, including Indiana.

## JURISDICTION & VENUE

4. Jurisdiction is proper based upon the diversity of citizenship of the parties pursuant to 28 U.S.C. § 1332. The amount in controversy, exclusive of interest and costs, exceeds the sum of $75,000.00.

5. Venue is proper in the Northern District of Indiana pursuant to 28 U.S.C. § 1391 because it is the judicial circuit in which a substantial part of the events giving rise to the claim occurred.

## COMMON ALLEGATIONS

6. At all times relevant, Depositors provided property insurance to Feichter with respect to his real and personal property at the Premises, as well as additional living expenses.

7. On or before November 23, 2016, Feichter owned a SoleusAir dehumidifier that was designed, manufactured, marketed, distributed, and/or sold by Defendant Gree ("the Dehumidifier").

8. At all times relevant, the Dehumidifier was in substantially the same condition as when introduced into the stream of commerce by Defendant.

9. On or about September 12, 2013, the Consumer Product Safety Commission issued a recall of the Dehumidifier.

10. The Dehumidifier was recalled because the "dehumidifiers can overheat, smoke, and catch fire, posing fire and burn hazards to consumers." (*See* Consumer Products Safety Commission Recall No. 13-283, issued September 12, 2013, attached as ***Exhibit "A"***).

11. On or about November 23, 2016, the Dehumidifier caught fire in the basement of the Premises.

12. The fire caused substantial damage and destruction to Feichter's real and personal property, as well as emergency expenses and additional living expenses.

13. As a result of the fire, Feichter made a claim to Depositors pursuant to his insurance policy, and Depositors reimbursed Feichter for those claims in an amount in excess of $200,000.00.

14. By virtue of its payments, Feichter is now legally, equitably, and contractually subrogated to Feichter's claims against any responsible third parties, including the Defendant.

## COUNT I
### (Products Liability)

15. Plaintiff incorporates paragraphs 1-14 by reference as if set forth at length herein.

16. Gree designed, manufactured, marketed, distributed, sold, and/or placed into the stream of commerce the Dehumidifier.

17. The Dehumidifier was defective and unreasonably dangerous at the time it left Gree's control.

18. The Dehumidifier was expected to and did reach the consumer, Feichter, without substantial change and remained in substantially the same condition and without any material alterations from the time it was sold until the date of the fire.

19. The Dehumidifier was used for its intended purpose and/or for a purpose that was reasonably foreseeable by Gree.

20. The Dehumidifier was defective in design and/or manufacture in that it could overheat, smoke and catch fire, posing fire and burn hazards to consumers.

21. The Dehumidifier was defective in design and/or manufacture in that it deviated in a material way from its manufacturing performance standards and/or deviated in a material way from otherwise identical units manufactured to the same design.

22. The Dehumidifier was defective in design and/or manufacture in that when it left Gree's custody and control, the foreseeable risks and dangers exceeded the benefits associated with the design and manufacture and/or the design and manufacture was more dangerous than an ordinary consumer would expect when used in its intended and reasonably foreseeable manner.

23. The Dehumidifier was defective due to inadequate warning or instruction.

24. Gree knew or should have known of the defects in the Dehumidifier, and failed to address the defects or otherwise warn consumers.

25. As a direct and proximate cause of the defective and unreasonably dangerous condition of the Dehumidifier, the fire occurred, causing extensive damage to the real and personal property of Feichter, as well as emergency expenses and additional living expenses.

WHEREFORE, Plaintiff requests that this Court enter judgment against Defendant Gree for the damages alleged, for pre-verdict interest and/or post-verdict interest, and for all other costs allowed by law.

## COUNT II
### (Negligence)

26. Plaintiff incorporates paragraphs 1-14 by reference as if set forth at length herein.

27. Gree designed, manufactured, marketed, distributed, sold, and/or placed the Dehumidifier into the stream of commerce.

28. At all relevant times, Defendant owed Plaintiff and Feichter a duty to use reasonable care in the design, manufacturing, assembly, and sale of its dehumidifier, so that the dehumidifiers were safe and free of defects.

29. The Fire and resulting damage was the result of a malfunction in the Dehumidifier in the course of its ordinary use.

30. The malfunction of the Dehumidifier was due to a defective condition in the Dehumidifier in that it could overheat, smoke and catch fire, posing fire and burn hazards to consumers.

31. The Dehumidifier contained the defect when it left Gree's possession and control.

32. Gree had a duty to warn persons who might reasonably use Gree dehumidifiers of dangerous defects in its products.

33. It was foreseeable to Gree that if Gree designed, manufactured, distributed, and sold a defective dehumidifier and/or if Gree failed to warn of such defect, purchasers of such defective products could incur personal injury or property damage.

34. Feichter used the subject Dehumidifier for its intended and/or reasonably foreseeable purpose.

35. Gree breached its duties by designing, manufacturing, marketing, distributing, and selling the Dehumidifier with the dangerous defect and/or by failing to warn of the defect and/or by failing to adopt a safer, practical, feasible, or otherwise reasonable alternative design that could have been reasonably adopted that would have prevented or substantially reduced the risk of harm without substantially impairing the usefulness, practicality, or desirability of the Dehumidifier.

36. As a direct and proximate result of Defendant's negligence, carelessness, and recklessness, a fire started in the basement of the Premises and caused substantial damage to Feichter's real and personal property, as well as emergency expenses and additional living expenses.

WHEREFORE, Plaintiff requests that this Court enter judgment against Defendant Gree for the damages alleged, for pre-verdict interest and/or post-verdict interest, and for all other costs allowed by law.

Dated: October 24, 2018                Respectfully Submitted,


                                       By: /s/Marisa L. Saber


Marisa L. Saber (#6293678)
Cozen O'Connor
123 N. Wacker Dr., Suite 1800
Chicago, Illinois 60606
Phone: (312) 382-3100
Fax: (312) 382-8910
msaber@cozen.com

*Attorneys for Plaintiff*

LEGAL\38476265\1